Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence MODIFIES and AFFIRMS the Opinion and Award of the Deputy Commissioner as follows:
The parties took the deposition testimony of Dr. Galen Smith, Dr. Eric Moffet, Dr. Neal A. Jewell, Dr. Ashvin Patel, Dr. John M. Marshall, and Susan Sharitz, R.N. The deposition transcripts and related medical records, as well as the medical records of Holston Valley Hospital Medical Center, Kingsport Chiropractic Clinic, Mountain Home Veterans Administration Medical Center, Dr. Jerry E. London, and Sullivan Rehabilitation Center have been submitted. These documents are hereby made a part of the record in this case.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner and in the Pre-Trial Agreement as
STIPULATIONS
1. At all relevant times, the parties were subject to and bound by the Workers' Compensation Act.
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. On May 9, 1991, an employer/employee relationship existed between the parties.
4. St. Paul Fire Marine Insurance Company was the compensation carrier on the risk.
5. Pursuant to a Form 21 agreement, plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant employer on May 9, 1991.
6. Plaintiff's average weekly wage was $1,134.00 yielding the maximum compensation rate of $406.00 per week.
7. The parties further agree to stipulate that the following documents would be received into evidence:
A. Plaintiff's medical records.
B. The Industrial Commission Form 21.
C. The Industrial Commission Form 24.
 D. Videotapes of surveillance conducted on plaintiff and reports concerning that surveillance.
********
The Full Commission adopts the findings of fact of the Deputy Commissioner with minor modifications and finds as follows:
FINDINGS OF FACT
1. On May 9, 1991, plaintiff worked as an iron worker rigger for defendant-employer in Wilmington, North Carolina.
2. On May 9, 1991, plaintiff suffered a compensable injury by accident or specific traumatic incident while working for defendant-employer when he wrenched his back while walking across some internal duct work, and the hose of a blowtorch which he was carrying, became "hung up" causing him to stumble and fall.
3. An Industrial Commission Form 21 agreement was entered into and approved by the Commission on August 30, 1991.
4. As a result of his compensable injury, Plaintiff underwent a left-side L4-5 laminotomy and diskectomy on August 27, 1991, performed by Dr. Galen Smith, who has continued to serve as plaintiff's treating orthopaedist.
5. Plaintiff reached a "plateau" with regard to his back condition in December of 1992, and on December 28, 1992, Dr. Smith met with medical case manager, Susan Sharitz, R.N., and informed Ms. Sharitz that plaintiff was released to perform light-duty employment. On this date, Dr. Galen Smith completed an Estimated Physical Capabilities Questionnaire for the purpose of finding plaintiff suitable employment which was within the prescribed medical restrictions.
6. In addition to the Estimated Physical Capabilities Questionnaire completed by Dr. Smith, two independent medical physicians, Dr. Neal Jewell (an orthopaedist) and Dr. Ashvin Patel (a psychiatrist), both of whom examined plaintiff at defendants' request, also completed an Estimated Physical Capabilities Questionnaire, releasing plaintiff to perform light-duty employment.
7. Upon receipt of the Estimated Physical Capabilities Questionnaires completed by Dr. Smith, as well as Drs. Jewell and Patel, the employer offered plaintiff a light-duty position as a construction elevator operator at its Hopewell, Virginia job site, to begin April 19, 1993. This light-duty position was within the physical restrictions set forth by plaintiff's treating orthopaedist and IME physicians and would require plaintiff to sit or stand in the elevator and move the elevator by pushing electric buttons which would cause the elevator to ascend or descend. However, this job was 400 miles away from plaintiff's home and was scheduled to last only eight-to-ten working days. Dr. Smith was not informed of the distance plaintiff would have to travel to perform this job, as plaintiff had a two hour sitting restriction. Other than this one non-suitable position approximately 400 miles away, defendants found no other job.
8. Subsequent to undergoing surgery for the May 9, 1991, injury, plaintiff began treating with Dr. Eric Moffet, a Kingsport, Tennessee psychiatrist. Dr. Moffet's testimony establishes that plaintiff's current psychiatric condition and alcohol abuse are causally related to plaintiff's compensable May 9, 1991 injury, since plaintiff has a history of using alcohol and would be prone to use it after that injury due to a process known as "self-medication". Plaintiff remains disabled due to his compensable injury.
9. Subsequent to being offered the elevator operator's position in April 1993, plaintiff has continued to remain unemployed. Plaintiff has not found a job, nor has the employer, through vocational rehabilitation, been able to find plaintiff a suitable light duty job. Although plaintiff cannot return to his original construction job, there may be jobs within his restrictions that plaintiff can get.
10. Since the light duty job offered to plaintiff in April, 1993 was approximately 400 miles away and would last only eight to ten working days, the Industrial Commission was incorrect in approving defendant's Form 24 Application to Stop Payment of Compensation on May 12, 1993, since this offer was not a suitable job.
11. Plaintiff has remained physically active by undertaking various physical activities. These physical activities include walking, jogging, digging and planting, pruning bushes, bending, stooping and being able to jump over a fence. However, plaintiff's condition at the L5-S1 disc space has continued to deteriorate such that he underwent a laminotomy and diskectomy at that level on November 21, 1995, by Dr. Galen Smith. Dr. Smith causally relates the condition for which he performed surgery to plaintiff's original injury by accident.
12. A Form 21 agreement was approved by the Industrial Commission on August 30, 1991. With the approval of the Form 21 agreement, a presumption of continuing disability attached to the plaintiff's condition and the burden shifted to the defendant-employer to show that the plaintiff was indeed employable. The defendants have not met their burden.
13. Plaintiff has remained temporarily totally disabled from his original job since the date of injury, and no suitable light duty job has been found or offered. Plaintiff has not reached maximum medical improvement.
********
Based on the foregoing stipulations and findings of fact, Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff suffered an admittedly compensable injury by accident or specific traumatic incident, arising out of and in the course of his employment with defendant-employer on May 9, 1991. N.C. Gen. Stat. § 97-2(6).
2. As a result of physical and mental injuries arising from his injury by accident or specific traumatic incident, plaintiff has been incapable of earning wages in the same or any other employment from May 9, 1991 through the date of the hearing.
3. The temporary job of construction elevator operator located 400 miles from where plaintiff lived did not constitute an offer of suitable employment considering plaintiff's physical restrictions. There is no automatic presumption that a job offered by the employer is a job that is generally available in the competitive job market. Plaintiff's refusal of this job was justified. Peoples v. Cone Mills Corp., 316 N.C. 426,342 S.E.2d 798 (1986); Saums v. Raleigh Community Hospital,494 NC 96 (1997).
4. Plaintiff's November 21, 1995 surgery was causally related his May 9, 1991 compensable injury. Defendants are obligated to provide such medical care and treatment to plaintiff as is reasonably required to effect a cure, give relief or lessen the period of plaintiff's disability from all conditions caused by or directly flowing from his compensable injury. N.C. Gen. Stat. § 97-25.
5. Defendant's Form 24 Application to Stop Payment of Compensation was improvidently granted.
********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Defendants shall pay temporary total disability benefits to plaintiff at the rate of $406.00 per week from May 9, 1991, to the date of hearing and continuing until further Order of the Commission. Defendants are allowed a credit for compensation already paid to the plaintiff through May 12, 1993 and for any compensation paid to plaintiff while incarcerated. That compensation which has accrued shall be paid to plaintiff in a lump sum subject to the attorney's fee hereinafter provided.
2. A reasonable attorney fee of twenty-five percent (25%) of the compensation due plaintiff under paragraph one of this Award is approved for plaintiff's counsel and shall be paid as follows: twenty-five percent (25%) of the lump sum due plaintiff under paragraph one of this Award shall be deducted from that sum and paid directly to plaintiff's counsel; thereafter, plaintiff's counsel shall receive every fourth compensation check.
3. Defendant shall pay all reasonable medical expenses incurred or to be incurred in the future by plaintiff as a result of his compensable injury when bills for the same have been submitted through the defendant and approved according to procedures adopted by the Industrial Commission.
4. Defendants shall pay the costs due the Industrial Commission.
ORDER
It is HEREBY ORDERED that the Industrial Commission's decision to approve defendant's Form 24 Application to Stop Payment is VACATED.
 S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ________________ LAURA K. MAVRETIC COMMISSIONER
BSB:jth